The Honorable Toni Bradford State Representative 8410 Wildcat Drive Pine Bluff, AR 71603-9112
Dear Representative Bradford:
I am writing in response to your request for an opinion on the following question:
 Does the language of A.C.A. § 14-54-903 regarding cleanup of nuisance and vacant properties authorize the costs to become a civil debt against the owner of the property, or, only an assessment against the property itself? If it does not provide for treating the costs as a civil debt against the owner, is there any other means to collect the debt against the owner directly instead of just the property?
 RESPONSE
In response to your first question, A.C.A. § 14-54-903 only gives the city or town a lien against the property for the costs. Subsection14-54-903(b) authorizes the city or town to correct an unsightly and unsanitary condition on real property and charge the cost to the owner; and subsection 14-54-903(c) provides the town or city with a lien against the property for the associated costs, as follows:
 If the owner or lienholder of any lot or other real property within an incorporated town or city shall neglect or refuse to remove, abate, or eliminate any condition as may be provided for under an ordinance passed by the city or town as provided for in § 14-54-901, after *Page 2 
having been given seven (7) days' notice in writing to do so, then the town or city is authorized to do whatever is necessary to correct the condition and to charge the cost thereof to the owner of the lots or other real property.
A.C.A. § 14-54-903(b) (Supp. 2007).
 (1) The town or city is given a lien against the property for the costs, including all administrative and collection costs.
 (2) The town or city shall file the lien with the circuit clerk no later than one hundred twenty (120) days after the town or city completes the clean-up work on the property.
Id. at (c).
Subsection 14-54-903 plainly does not authorize imposing the costs as a civil debt against the property owner. Cf. Tucker v. Holt, 343 Ark. 216,222, 33 S.W.3d 110 (2000) (stating that "Ark. Code Ann. § 14-54-903
authorizes the imposition of a lien in order for a municipality to recover a fee for the cost of providing services that the property owner refuses to perform.")
In response to the second part of your question, the liens provided for by A.C.A. § 14-54-903, and the avenues provided under A.C.A. § 14-54-904
for enforcing the liens, in my opinion constitute the exclusive mechanism for collecting the costs. Subsection 14-54-904 provides as follows:
 The liens provided for in § 14-54-903 may be enforced and collected at any time within ten (10) years after a lien has been filed in either one (1) of the following manners:
 (1) By an action for foreclosure in the circuit court by the city or town, or if the city or town has established a land bank, by a land bank that has been assigned the lien; or *Page 3 
 (2)(A) The amount so determined at the hearing,[1]
plus ten percent (10%) penalty for collection, shall be certified by the governing body of the municipality to the tax collector of the county where the municipality is located and placed by him or her on the tax books as delinquent taxes and collected accordingly.
 (B) The amount, less three percent (3%) thereof, when so collected shall be paid to the municipality by the county tax collector.
A.C.A. § 14-54-904(a) (Supp. 2007).
Subsection 14-54-904 thus provides that a city or town can either foreclose on its lien in circuit court or make its own appealable determination of the amount owed, which will be recorded and collected as delinquent taxes. My research has yielded no other authorized means of collecting these costs. Had the legislature intended, for instance, to authorize collection of these costs in the manner provided for the collection of any civil judgment, it could easily have expressed that intent. Compare A.C.A. § 14-54-1507 (Supp. 2007) (regarding the collection of court-ordered damages in connection with abatement actions under A.C.A. § 14-54-1501 — 1510).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The referenced "hearing" is the public hearing that may be held by the governing body of the city or town pursuant to A.C.A. § 14-54-903(f) — (h) to perfect a lien. The governing body's confirmation of the lien may be appealed to circuit court by the property owner or any lienholder of record. Id. at (h)(1).