Curtis BREWER *v.* John Wayne CARTER, in His Capacity as Faulkner County Judge; Lonnie Williams, Individually and in His Capacity as Faulkner County Justice of the Peace; and Conark Builders, Inc.

05-738                                                231 S.W.3d 707

Supreme Court of Arkansas
Opinion delivered March 9, 2006

*Phil Stratton*, for appellant.

*Duncan and Rainwater, P.A.*, by: *Michael Rainwater* and *JaNan Arnold Davis*, for appellee John Wayne Carter.

*Brazil, Adlong & Winningham, PLC*, by: *William C. Brazil*, for appellee Lonnie Williams.

ANNABELLE CLINTON IMBER, Justice. Pursuant to Article 16, § 13 of the Arkansas Constitution and Rule 23 of the Arkansas Rules of Civil Procedure, Appellant Curtis Brewer, a resident and taxpayer of Faulkner County, filed this action on behalf of himself and all other taxpayers in Faulkner County against Appellees John Wayne Carter, individually and in his capacity as Faulkner County Judge, Lonnie Williams, individually and in his official capacity as a Faulkner County Justice of the Peace, and Conark Builders, Inc. On appeal, Brewer contends that the circuit court erred in granting summary judgment in favor of Appellees because County Judge Carter awarded a contract to Conark Builders to repair a county building without advertising for bids and because Lonnie Williams worked for Conark Builders while also serving as a member of the Faulkner County Quorum Court. The circuit court granted summary judgment and this appeal followed. We affirm on grounds that under the particular facts of this case Brewer lacked standing to bring an illegal-exaction suit.

In his amended complaint, Brewer alleged that on March 28, 2000, a building owned by Faulkner County was damaged when the county's lay-down asphalt machine malfunctioned and ran into an outer wall of the county building. The building was insured by The Travelers Indemnity Company of Illinois ("Travelers Insurance") through the Association of Arkansas Counties ("Association") with a $1,000.00 per loss deductible. In accordance with that policy, Faulkner County filed a claim with the Association, which in turn reported the claim to Travelers Insurance. Thereafter, Travelers Insurance assigned the claim to Crockett Adjustment. The adjustor began working with Nabholz Construction, the original building contractor for the county building, to determine the amount of damage to the property. Travelers Insurance contracted with Conark Builders, a division of Nabholz Construction, to make the necessary repairs.

Lonnie Williams, a member of the Faulkner County Quorum Court, was a corporate officer in Conark Builders at the time Travelers Insurance entered into the contract with Conark Builders. Thereafter, an invoice was sent to Faulkner County indicating that the total cost of repairs was $28,934.14. On November 13, 2000, Faulkner County received $27,934.14 from Travelers Insurance and deposited the check into the county's general fund. The

Faulkner County Quorum Court authorized payment from county funds in the amount of $28,934.14 and a Claim for Allowance was signed by the county judge's administrative assistant. On November 29, 2000, Faulkner County paid $28,934.14, including the $1,000 deductible, out of its general fund to Conark Builders.

Brewer subsequently filed this lawsuit, contending that the county's payment of $28,934.14 constituted an illegal exaction. Specifically, Brewer contended in relevant part:

> Ark. Code Ann. § 14-22-102 makes it unlawful for any county official to make any purchase with county funds in excess of $10,000.00 unless purchasing procedures of Ark. Code Ann. § 14-22-102 *et seq.* are followed or unless it is a purchase of an exempt commodity under Ark. Code Ann. § 14-22-106. The purchase of repair to a county building is not found as an exemption. Defendant John Wayne Carter violated the law. Amendment 55 § 3 to the Arkansas Constitution delegat[es] the power [to] the county judge to authorize and approve disbursement of appropriated county funds and does not empower the county judge to re-delegate that power to another.

Appellees filed separate answers and motions for summary judgment. In their motions for summary judgment, Appellees stated that Brewer's complaint "is couched as an illegal exaction lawsuit, but fails to state a legitimate claim because there are not illegally exacted funds to be returned." The circuit court granted Appellees' motions for summary judgment. In the order, the circuit court concluded in part:

> Faulkner County's payment of $1000 insurance deductible was the satisfaction of an insurance contract obligation and not a "purchase" that could have been made through competitive bids solicited by the County, and in any event, (sic) the expenditure was less than the dollar amount set by Ark. Code Ann. § 14-22-102 as the threshold for when competitive bidding is required for a County purchase. The payment made was the exact amount actually due, and no more, so there was no failure to comply with Ark. Code Ann. § 14-23-106. The conduct of the County Judge — to get the damaged building repaired with insurance funds and to pay the $1000 deductible amount owed by the county — was authorized by Ark. Code Ann. § 14-19-106. . . .

As mentioned earlier, Brewer contends on appeal that the trial court erred in granting summary judgment in favor of Appellees as to his

illegal-exaction claim. Moreover, Brewer also contends that the circuit court erred in refusing to certify his suit as a class action. Because this appeal presents an issue involving the interpretation of the Arkansas Constitution, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(1) (2005).

Article 16, Section 13 of the Arkansas Constitution provides: "Any citizen of the county, city, or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever." Under Article 16, Section 13, citizens of a county have standing to pursue an illegal-exaction claim. *White v. Ark. Capital Corporation/Diamond State Ventures,* 365 Ark. 200, 226 S.W.3d 825 (2006). An illegal exaction is defined as any exaction that either is not authorized by law or is contrary to law. *Id.* (citing *Munson v. Abbott,* 269 Ark. 441, 602 S.W.2d 649 (1980)). Two types of illegal-exaction cases can arise under Article 16, Section 13: "public funds" cases, where the plaintiff contends that public funds generated from tax dollars are being misapplied or illegally spent, and "illegal-tax" cases, where the plaintiff asserts that the tax itself is illegal. *McGhee v. Ark. State Bd. of Collection Agencies,* 360 Ark. 363, 201 S.W.3d 375 (2005)). This is a "public-funds" case in which Brewer claims the county misused public funds in connection with the repair of its damaged building. As a general rule, we have explained that citizens have standing to bring a "public funds" case because they have a vested interest in ensuring that the tax money they have contributed to a state or local government treasury is lawfully spent. *Ghegan & Ghegan, Inc. v. Weiss,* 338 Ark. 9, 991 S.W.2d 536 (1999). This court has stated that "a misapplication by a public official of funds arising from taxation constitutes an exaction from the tax payers and empowers any citizen to maintain a suit to prevent such misapplication of funds." *Farrell v. Oliver,* 146 Ark. 599, 602, 226 S.W. 529, 530 (1921).

Before addressing the merits of Brewer's points on appeal, Appellees Williams and Conark Builders contend that the circuit court's order may be affirmed because Brewer did not have standing to bring an illegal-exaction lawsuit. Specifically, Appellees Williams and Conark Builders argue that "[w]hile Mr. Brewer alleges that funds were illegally spent for the repair of the county building, he lacks standing to file such a claim because the taxpayers of Faulkner County have not been injured by the payment for the repairs." Citing *Brouhard v. Lee,* 125 F.3d 656, 661

(8th Cir. 1997), Appellees Williams and Conark Builders further contend, "To establish standing, a party must, at a minimum, have suffered an 'injury in fact,' fairly traceable to defendant's conduct, which is likely to be redressed by a favorable decision." *Id.* Stated differently, Appellees Williams and Conark Builders allege that they did not cause the taxpayers to suffer an injury because Travelers Insurance, not Faulkner County, contracted for and paid for the county building repairs. Appellees Williams and Conark Builders also assert that Brewer lacks standing because a circuit court order would not redress any alleged injury; in other words, any illegal-exaction finding would not change the county's obligation under the insurance contract to pay the $1,000 deductible.

We treat the question of standing as a threshold matter. Brewer asserts that the county improperly contracted with Conark Builders, without properly advertising for bids, and in so doing economically benefitted Lonnie Williams who worked for Conark Builders while also serving as a member of the Faulkner County Quorum Court. The record, however, reveals that the contracting parties in this case were Travelers Insurance and Conark Builders. While the county, through the Association, had an insurance contract with Travelers Insurance, Travelers Insurance negotiated the repair contract with Conark Builders. In other words, the county was not a party to the agreement for repairs. As a result, Travelers Insurance was the real party in interest. Even if the circuit court were to rule in favor of Brewer on the illegal-exaction claim, Travelers Insurance would be the injured party, not Faulkner County. As a result of such a ruling by the circuit court, Conark Builders would return the sum of $28,934.14 to the county, and the county would then be obligated to pay Travelers Insurance the entire sum, including the $1,000 deductible payable under the insurance agreement. Travelers Insurance would then turn around and pay the entire sum back to Conark Builders pursuant to its repair contract with Conark Builders.

It is axiomatic that before a public-funds type of illegal exaction will be allowed to proceed, there must be facts showing that monies generated from tax dollars or arising from taxation are at stake. As the plaintiff in this case, it was incumbent upon Brewer to demonstrate his standing to bring an illegal-exaction claim. Under our case law, this requires a showing that the funds were generated from tax dollars or otherwise arising from taxation. *See Western Foods, Inc. v. Weiss,* 338 Ark. 140, 992 S.W.2d 100 (1999). *See also McGhee v. Ark. State Bd. of Collection Agencies, supra.* Brewer

acknowledged in his deposition that $27,934.14 came from Travelers Insurance to pay for repairs made to the building by Conark Builders and that the only amount of taxpayer money used was $1,000.[1] With regard to the latter sum, it is undisputed that the county's payment of the $1,000 insurance deductible was the exact amount owed under its insurance contract. Thus, under these circumstances, we conclude that Brewer lacked standing to bring an illegal-exaction suit.

In view of our holding that under the particular facts of this case Brewer lacked standing to bring an illegal-exaction claim, we are precluded from addressing the merits of the issues raised on appeal.

Affirmed.

GLAZE, J., dissents.

---

[1] Notwithstanding his admission to the contrary, Brewer suggests on appeal that "once insurance proceeds are deposited to the county general fund it assumes a new identity as commingled and indistinguishable funds," citing *Woolard v. Thomas*, 238 Ark. 162, 381 S.W.2d 453 (1964). That case, however, is inapposite. At issue in *Woolard* was whether a county with two separate judicial districts should credit insurance proceeds for the reconstruction of one district's courthouse to a special account or to the county's general fund. We upheld the county's allocation of insurance funds to its general fund, citing *Hutchinson v. Ozark Land Co.*, 57 Ark. 554, 559, 22 S.W. 173, 174 (1893) ("All of the affairs of the two districts are concerns of the county, and the expenses incurred in both . . . constitute demands against the county").