# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2908

_____

Suzanne Clark,

              Appellant,

v.

Iowa State University; Iowa State
Board of Regents; Gregory L. Geoffroy,
President, Iowa State University, in
both his official and his individual
capacities; Marlene Callahan,
Supervisor, Medical Records, Thielen
Student Health Center, Iowa State
University, in both her official and her
individual capacities,

              Appellees.

\* Appeal from the United States
\* District Court for the
\* Southern District of Iowa.

_____

Submitted: March 17, 2011
Filed: July 7, 2011

_____

Before RILEY, Chief Judge, LOKEN and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Suzanne Clark was terminated from her position as a clerk-typist at Iowa State University on February 25, 2009. She filed a lawsuit, claiming that those responsible for the termination violated her rights under federal statutes, the Due Process and

Equal Protection Clauses of the Fourteenth Amendment, and Iowa law. The district court dismissed Clark's complaint in its entirety, and denied a motion to alter or amend the judgment. Clark appeals the dismissal of her due process claim, the denial of her post-judgment motion, and the dismissal of the state-law claims. We affirm in part and reverse in part.

Clark's third amended complaint named as defendants Iowa State University ("ISU"), the Iowa State Board of Regents, and two ISU employees – Gregory Geoffroy, president of ISU, and Marlene Callahan, Clark's supervisor – in their official and individual capacities. The complaint alleged four claims against all the defendants: a claim under the Age Discrimination in Employment Act ("ADEA"), "freestanding" claims under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and a claim for wrongful discharge under Iowa law. The complaint also asserted against ISU a claim under the Age Discrimination Act of 1975 ("ADA"). Clark sought compensatory damages or, in the alternative, reinstatement.

Clark moved for partial summary judgment, and the defendants moved to dismiss the complaint. The district court granted the motion to dismiss, and denied Clark's motion as moot. The district court dismissed Clark's "freestanding" due process and equal protection claims for failure to state a claim on which relief could be granted, reasoning that "claims against State entities and their officials for due process and equal protection violations may, in fact, *only* be asserted under the auspices of [42 U.S.C.] § 1983." *See* Fed. R. Civ. P. 12(b)(6). The court declined to construe Clark's "freestanding" claims as claims under § 1983, because Clark had expressly disavowed any reliance on that provision. The court dismissed the claim under the ADA for failure to exhaust administrative remedies and on the ground that the ADA is inapplicable to claims for unlawful employment practices. The court determined that the ADEA claims were barred by Eleventh Amendment immunity, failure to exhaust administrative remedies, or the statute of limitations, and could not be asserted against Geoffroy and Callahan in their individual capacities. After

explaining its dismissal of the federal claims, the court dismissed Clark's state-law claim against Geoffroy and Callahan in their individual capacities for lack of subject-matter jurisdiction.

Clark moved to alter or amend the judgment, pursuant to Federal Rules of Civil Procedure 59(e) and 60, and to amend her complaint, pursuant to Rule 15(a)(2). She submitted a proposed "third amended complaint (amended version)," which alleged a "freestanding" due process claim against ISU and the Board of Regents, a due process claim under § 1983 against Geoffroy and Callahan in their official and individual capacities, and a state-law wrongful discharge claim against Geoffroy and Callahan in their individual capacities. The district court denied relief, observing that Clark's argument for relief from judgment merely reasserted the contentions that the court previously had considered and rejected. The court also denied Clark's motion to amend her complaint. Noting that Clark had filed four versions of the complaint, two of which had been dismissed following arguments by the parties, the court concluded that Clark already had sufficient opportunity to plead a viable claim, and that granting Clark's motion to amend would prejudice the defendants. Clark appeals the dismissal of her due process claim, the dismissal of her state-law wrongful discharge claim against Geoffroy and Callahan in their individual capacities, and the denial of her post-judgment motion.

We review *de novo* the district court's order dismissing Clark's complaint, and we review the denial of her post-judgment motion for abuse of discretion. We affirm the dismissal of Clark's "freestanding" due process claim for the reasons stated in the district court's opinion. We likewise conclude, for the reasons stated by the district court in its order, that the court did not abuse its discretion by denying Clark's post-judgment motion.

On the state-law claim against Geoffroy and Callahan in their individual capacities, however, we conclude that the judgment must be reversed and the case

remanded for further proceedings.  The district court reasoned that it "ha[d] no basis upon which to exercise its supplemental jurisdiction" over Clark's state-law claims, because "there [was] no claim in this action over which the Court ha[d] original jurisdiction."  Earlier in the order, however, the court specifically dismissed Clark's "freestanding" due process and equal protection claims on the merits for failure to state a claim upon which relief could be granted.  A dismissal for failure to state a claim involves an exercise of original jurisdiction, so the court had authority to exercise supplemental jurisdiction over a state-law claim derived from a common nucleus of operative fact.  *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims.").  We have no basis to say how the court would have exercised its discretion under 28 U.S.C. § 1367 if the court believed that it had authority to do so.  *See Webb v. Bladen*, 480 F.2d 306, 309-10 (4th Cir. 1973).  Therefore, we will remand for further proceedings on that question.

The judgment of the district court is affirmed in part and reversed in part, and the case is remanded for further proceedings consistent with this opinion.  Clark's summary request that the case be reassigned to a different judge on remand is denied.

LOKEN, Circuit Judge, concurring.

I concur -- but very reluctantly because, in my view, after plaintiff burdened defendants and the court with four legally deficient complaints, it likely would have been an abuse of discretion to exercise supplemental jurisdiction.  It is unfortunate that counsel for defendants failed to do their homework and did not advise the district court that it needed to exercise its 28 U.S.C. § 1367 jurisdiction.

_____