# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1343
_____

Frederick A. Johnson

*Plaintiff - Appellant*

v.

The Bank of New York Mellon, formerly known as The Bank of New York, as Trustee for Certificate Holders of CWMBS, Inc. CHL Mortgage Pass-Through Trust 2006-3, Mortgage Pass-Through Certificates, Series 2006-3; Mortgage Electronic Registration System, Inc.; MERSCORP, Inc., and also all other persons, unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: July 9, 2014
Filed: August 25, 2014
[Unpublished]

_____

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

In 2005, appellant Frederick Johnson executed a promissory note to Countrywide Bank, N.A. secured by a real estate mortgage from Johnson to MERS[1] as nominee for Countrywide. The mortgage was duly recorded in the real estate records of Hennepin County, Minnesota. The loan was subsequently securitized into a trust entitled Certificate Holders of CWMBS, Inc. CHL Mortgage Pass-Through Trust 2006-3, Mortgage Pass-Through Certificates, Series 2006-3 (the "Trust") with the Bank of New York Mellon ("BONYM") as trustee. On August 11, 2011, MERS assigned the mortgage to BONYM as trustee for the Trust. On August 30, 2011, this assignment of mortgage was recorded in the real estate records of Hennepin County. Subsequently, BONYM instituted foreclosure proceedings against Johnson.

Johnson commenced an action in Minnesota state court against BONYM and the Trust, seeking a declaration that the foreclosure proceedings were invalid and seeking to quiet title to the real property. Johnson alleged that BONYM violated the Pooling and Servicing Agreement ("PSA") governing the securitization of the loan and the transfer of the mortgage to the Trust. Johnson claimed that identified assignments of the real estate mortgage were not recorded as required by the PSA and that the failure to record assignments of the real estate mortgage bars foreclosure pursuant to Minnesota Statute § 580.02. The action was removed to federal court, and defendants moved to dismiss. The district court[2] granted the motion to dismiss,

---

[1]MERS is the Mortgage Electronic Registration System. "With MERS, initial mortgage loans are recorded [in the county real estate records], fees are paid, and MERS is listed as the mortgagee of record. When an interest in the mortgage is transferred among MERS members, the MERS system tracks the assignments for priority purposes. MERS at all times remains the mortgagee of record in the county property records. The subsequent assignments are not recorded." Brown v. Mort. Electronic Registration Systems, Inc., 738 F.3d 926, 929 (8th Cir. 2013).

[2]The Honorable David S. Doty, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Arthur J.

concluding that the complaint's allegations with respect to unrecorded assignments were insufficient under Federal Rule of Civil Procedure 8 as conclusory and speculative and that Johnson lacked standing to challenge the appellees' compliance with the PSA. Johnson appeals, and we affirm.

We review the district court's grant of a motion to dismiss de novo, taking the factual allegations in the complaint as true and affording the non-moving party all reasonable inferences from those allegations. Owen v. Gen. Motors Corp., 533 F.3d 913, 918 (8th Cir. 2008). Rule 8 requires that a complaint present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp.v. Twombly, 550 U.S. 544, 570 (2007)). Accordingly, at the pleading stage a plaintiff must show that success on the merits is more than a "sheer possibility." Id.; see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 417 (2010) (Stevens, J., concurring in part and concurring in the judgment) ("It is a long-recognized principle that federal courts sitting in diversity 'apply state substantive law and federal procedural law.'" (quoting Hanna v. Plumer, 380 U.S. 460, 465 (1965))).

In this appeal, Johnson asserts the single argument that BONYM, as trustee for the Trust, may not institute foreclosure proceedings because not all of the assignments of the real estate mortgage have been recorded as required by Minnesota statute and that the PSA lists assignments which remain unrecorded. Accordingly, he has waived his claim that foreclosure may not be instituted due to a breach of the PSA "because the issue was not developed in his briefs as required by Federal Rule

Boylan, United States Magistrate Judge for the District of Minnesota.

of Appellate Procedure 28(a)(9)(A)." Rotskoff v. Cooley, 438 F.3d 852, 854 (8th Cir. 2006).

We agree with the district court that Johnson's claim is not plausible on its face. As an initial matter, the allegation that the PSA reflects unrecorded assignments is indeed conclusory and speculative. Assuming that Minnesota law requires that assignments of a real estate mortgage be recorded for foreclosure to proceed, the complaint reflects compliance in this instance as it concedes the real estate mortgage from Johnson as mortgagor to MERS as mortgagee was assigned on August 22, 2011, from MERS to BONYM, as trustee for the Trust. This assignment was recorded in the real estate records of Hennepin County, Minnesota on August 30, 2011. Accordingly, the short chain of mortgage assignments is complete, and BONYM can show the assignment of record which assigned the real estate mortgage from MERS (the original mortgagee) to BONYM, which permits BONYM to proceed with foreclosure.

Accordingly, we affirm the district court's dismissal of Johnson's complaint. The Appellees' motion for sanctions is denied.

_____