# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3174
_____

Lee Edward Brown

*Plaintiff - Appellant*

v.

City of Dermott Arkansas; Cobe Heard, Individually; Eric Evans, In his individual
and official capacity as Chief of Police for the City of Dermott

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Delta
_____

Submitted: April 16, 2025
Filed: August 20, 2025
_____

Before SMITH, SHEPHERD, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

Lee Edward Brown was fired from the Dermott, Arkansas Police Department
in April 2021 after he was charged with tampering with physical evidence and abuse
of office. Brown sued Police Chief Eric Evans, then-Officer Coby Heard, and the
City of Dermott, alleging federal claims under 42 U.S.C. § 1983 for violations of his
First, Fourth, and Fourteenth Amendment rights and various state law claims. The

district court[1] granted the defendants' motions for summary judgment and for judgment on the pleadings. We affirm.

## I.

Lee Edward Brown was a sergeant at the Dermott Police Department. He supervised his brother, Lee Van Brown, who was also a police officer and who also sued defendants. Both brothers saw Heard grab an arrestee by the neck while the arrestee was chained to a pole in November 2019. Brown reported the incident to the police captain, who told him to document it. The next day, Evans asked Brown about the incident, and Brown recounted the events. Heard told Brown that Evans had talked with Heard and told him not to do anything like that again, so Brown thought that the department handled the incident. Brown also reported the incident to city officials. Another officer reported the incident to Evans, and that officer still works for the City.

Six days after the incident with Heard, officers responded to a robbery at a convenience store. Surveillance video showed the suspect grabbing handfuls of coins and stuffing them in his pockets. Heard went to the suspect's house after the robbery, collected a bag of quarters, and handed it to Brown. Evans testified that he saw Heard give the bag to Brown.

Brown's report stated that the suspect's home contained "a lot of quarters in a green Crown Royal bag," but the property form he filled out did not mention the bag of quarters, and the quarters were not turned into the police department. Heard flagged the discrepancy between the forms and later returned to the convenience store with Evans to investigate. The owner said that Brown had told him the quarters were not recovered. Evans referred the quarters incident to a local prosecutor, who referred it to the Arkansas State Police for investigation.

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

In his interview with the state police, Brown admitted that Heard "probably" handed him a bag of quarters or put the bag in his car. He said that he "could have" used the quarters to wash his car. After finishing their investigation, state police referred the matter back to the local prosecutor, who talked with the store owner and confirmed that about $20 worth of quarters had not been returned. Brown was charged with tampering with physical evidence and abuse of office in early March 2021. He was summoned to state court but never arrested and was fired on April 19, 2021.

Brown insists that these charges were the only reason he was fired. Sometime after the prosecutor charged Brown, the store owner told the prosecutor that the quarters had been returned. Brown never claimed to have returned the quarters or to know anything about their return, and the record provides no further detail. The charges against Brown were dismissed in December 2022.

## II. Federal Claims

We review the district court's grant of summary judgment *de novo*. *Hayek v. City of St. Paul*, 488 F.3d 1049, 1054 (8th Cir. 2007). "Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant," *id.*, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). The same standards apply for judgment on the pleadings. *Henson v. Union Pac. R.R. Co.*, 3 F.4th 1075, 1080 (8th Cir. 2021).

## A. First Amendment

Brown argues that he was fired in retaliation for exercising his First Amendment rights by reporting Heard's excessive use of force. To survive summary judgment, Brown needed to show that there were genuine fact disputes as to whether "the adverse action was motivated at least in part by the exercise of protected activity." *Wolk v. City of Brooklyn Ctr.*, 107 F.4th 854, 860 (8th Cir. 2024). He has

-3-

failed to do that. Brown was fired a year and a half after he reported Heard's misconduct. The officer who initially reported the misconduct is still employed by the City. And Brown has maintained throughout his case that he was fired only because of the criminal charges, which are the "obvious alternative explanation" for Brown's firing. *Laney v. City of St. Louis*, 56 F.4th 1153, 1158 (8th Cir. 2023) (citation omitted). Brown also alleges a cat's paw theory of liability—in other words, the technical decisionmaker (the mayor) was motivated by the discriminatory animus of another (Heard or Evans). But Brown concedes that he was fired because of the charges, and he presented no evidence that the prosecutor's decision to charge him was a conduit for Heard's or Evans's discriminatory motives, so his theory goes nowhere. *See Richardson v. Sugg*, 448 F.3d 1046, 1060 (8th Cir. 2006) ("Where a decisionmaker makes an independent determination . . . and does not serve as a mere conduit for another's discriminatory motives, the 'cat's-paw' theory fails.").

### B. Fourth Amendment

Brown was never arrested and was only summoned to state court to answer for his charges, so his malicious prosecution claim fails for the same reason his brother's did—he was never seized under the Fourth Amendment. *Brown v. City of Dermott*, No. 23-3073 (8th Cir. August 20, 2025).[2]

### C. Due Process Claims

Brown's substantive due process claim against Heard—that Heard deprived him of due process by fabricating evidence against him—is "governed by the Fourth Amendment," not the Due Process Clause. *Johnson v. McCarver*, 942 F.3d 405, 410–11 (8th Cir. 2019). As for his claim that the City deprived him of due process by firing him for reporting excessive force, "an employee's occupational liberty is not protected by substantive due process when the employee is discharged by a

---

[2]Having failed to show that his First or Fourth Amendment rights were violated, Brown cannot maintain these § 1983 claims against the City. *Torgerson v. Roberts Cnty. of S.D.*, 139 F.4th 638, 646 (8th Cir. 2025).

-4-

governmental employer." *Singleton v. Cecil*, 176 F.3d 419, 424 (8th Cir. 1999). "Rather, any cause of action for the deprivation of occupational liberty [is] confined to a claim under procedural due process," *id.* at 428 (citation omitted), so his substantive due process claim fails.

Brown's procedural due process claim fares no better. To succeed, Brown needed to show that Arkansas law gave him a property interest in his job. *Voss v. Hous. Auth. of the City of Magnolia*, 917 F.3d 618, 625 (8th Cir. 2019). "A public employee has a property interest when there are contractual or statutory limitations on the employer's ability to terminate an employee, such as a contractual right to be terminated only for cause." *Id.* (cleaned up) (citation omitted). In Arkansas, "an employer may terminate the employment of an at-will employee without cause" unless an employee relies on a personnel manual or employment agreement with a for-cause termination provision. *Crawford Cnty. v. Jones*, 232 S.W.3d 433, 438 (Ark. 2006). Brown has created no dispute that he was anything other than an at-will employee. Nor has he shown any entitlement to continued employment under an employee manual or employment agreement.

## III. State Law Claims

Brown argues that the district court should not have exercised its supplemental jurisdiction over his state claims and they should have survived summary judgment. But it was "within the district court's discretion to exercise supplemental jurisdiction [on Brown's state law claims] after dismissal of the federal claim" because they "derive from a common nucleus of operative fact, and if considered without regard to their federal or state character, are such that they ordinarily would be expected to be adjudicated in one judicial proceeding." *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1249, 1248 (8th Cir. 2006) (per curiam). "[J]udicial economy, convenience, [and] fairness" supported the court's decision because Brown's federal and state claims overlap and discovery in this case revealed Brown's state law claims would necessarily fail. *See Brown v. Mortg. Elec. Registration Sys., Inc.*, 738 F.3d 926, 933 (8th Cir. 2013). Brown argues that the district court abused its discretion

because comity interests disfavored the district court's exercise of supplemental jurisdiction, but "[t]he causes of action are not novel, and there is little basis for dispute as to the resolution of Brown's state-law claims as they involved well-understood and settled principles of Arkansas law," *id.*

Turning to the merits, Brown's Arkansas Whistle-Blower Act claim fails because he admits he was fired because of the criminal charges and he failed to show he was fired because he reported a "violation of [] law," Ark. Code § 21-1-603(a), or that his firing was "unrelated to his own misconduct or poor job performance," *Barrows v. City of Fort Smith*, 360 S.W.3d 117, 124 (Ark. 2010).

Brown's Arkansas malicious prosecution claim fails because there was probable cause to charge him with tampering with evidence and abuse of office. *See Harold McLaughlin Reliable Truck Brokers, Inc. v. Cox*, 922 S.W.2d 327, 331 (Ark. 1996) ("Absence of probable cause is an essential element in a claim for malicious prosecution."). Brown's conflicting reports created probable cause to believe he tampered with evidence by "conceal[ing]" the quarters "with the purpose of impairing [their] . . . availability" in an "investigation." Ark. Code Ann. § 5-53-111(a). And there was probable cause to charge Brown with abuse of office because a reasonable person could believe Brown kept the quarters—knowingly omitting his duty to return them—"with the purpose of benefiting in a pecuniary fashion." *Id.* § 5-52-107(a).

Brown's abuse of process claim also falls short because he never claimed that Heard or Evans abused a legal process after it was set in motion. *See S. Ark. Petroleum Co. v. Schiesser*, 36 S.W.3d 317, 323 (Ark. 2001). There is no dispute that Heard told Evans about the discrepancy in Brown's report about the quarters, and Evans in turn referred the matter to the prosecutor for investigation. Brown claims that these allegations were false, but because his claim is that "the process was originally issued with malice and without probable cause," the proper claim would be for malicious prosecution, not abuse of process. *See Union Nat'l Bank of Little Rock v. Kutait*, 846 S.W.2d 652, 654 (Ark. 1993).

The district court granted summary judgment on Brown's defamation claim because there was no genuine dispute as to the truth of Heard's statements about Brown's alleged theft. *See Sawada v. Walmart Stores, Inc.*, 473 S.W.3d 60, 67 (Ark. App. 2015) (a defamatory statement must be false). Brown claims that "Heard fabricated false criminal allegations against [him]" but he doesn't identify the statements that were fabricated or offer evidence to dispute the truth of the statements. If it is Brown's position that Heard lied about collecting the quarters and handing them to Brown, he hasn't disputed Evans's testimony that he saw Heard give Brown the bag of quarters or his own testimony that Heard "probably" handed him a bag of quarters. Brown put forward no evidence supporting the falsity of Heard's statements, so even when viewing the record in the light most favorable to Brown, no reasonable jury could find that Heard defamed him.

IV.

Affirmed.

_____