## Town of Monticello v. Banks.

1. MUNICIPAL CORPORATIONS: *Assessments for making pavements.*
   Municipal assessments for the improvement of streets must be *ad valorem* and not according to frontage, and must be upon both vacant and occupied lots similarly situated. The exception of one violates the constitutional principle of uniformity in the imposition of the burden.

APPEAL from *Drew* Circuit Court.
Hon. J. M. BRADLEY, Judge.


*C. D. Wood* and *Z. T. Wood*, for appellant.

The ordinance is a mere police regulation, and not a tax, and does not fall ' within the ruling of *Peay v. Little Rock, 32 Ark., 31.* The ordinance is not unconstitutional; no tax was ordered levied, nor was any levied. It was simply a suit for work and labor done. The ordinance merely imposes a burden, which is called a police regulation. See *16 Pick., 504; 8 Metc., 180; 13 N. J., 196; 1 Swan, 177; 2 Ind., 364; 6 Hump., 368; 4 R. I., 445; 7 La. Ann., 25; 36 Barb., 226; 46 N. Y., 503; 53 Penn. St., 280; 4 Bush., 464.*


*Wells & Williamson,* for appellee.

This ordinance was passed under *sec. 3228, Gantt's Dig.*

All that portion of said section which provides that the expense of such improvements may be assessed "in proportion to feet front of the lot or land abutting on the street," and all ordinances founded thereon, are declared unconstitutional in *Peay v. Little Rock, 32 Ark., 31; Cooley Const. Lim., 622–3.* The unconstitutional portion of this section is dropped from *Mansfield's Dig., sec. 760.*

This case comes clearly within the principle decided, in undertaking to improve streets by a system of taxation which is not "by a uniform rule" nor "according to value," etc. *Const. 1868, art. 10, sec. 2; Const. 1874, art. 16, sec. 5; art 19, sec. 27.*

This tax is not *ad valorem.* It is not a "privilege tax," nor "police regulation," hence is nothing more than an unconstitutional attempt at *taxation.*

A municipal corporation has no inherent power to levy a tax. *30 Ark., 435; 33 ib., 497.*

SMITH, J. This action was begun by filing with the mayor the following account:

R. T. Banks, In account with Corporation of Monticello, 1885, May 20.

To building pavement in front of buildings on block 21, lots 4 and 5, in the town of Monticello, by authority of the ordinance hereto attached, $50.

The ordinance referred to is in these words:

"Each and every person, the owner of any occupied lot, or part of lot, or block, upon the public square, shall be required to pave the street in front thereof, in workmanlike manner, and keep the same in good repair; and if any person shall refuse to comply with this ordinance, such pavement shall be made at the expense of the owner of such property; which expense, with ten per cent thereon, may be recovered from such owner by an action of debt, brought in the name of the corporation, before the mayor."

This ordinance was declared to be invalid both by the mayor and by the circuit court, on appeal. And so the town took nothing by its suit. The only legislative enactment which is relied on as giving the town council power to pass such an ordinance, is section 760, of Mansfield's Digest. By this section cities and towns have power, among other things, to improve streets and to keep them in order and repair, and to assess and collect a charge on the adjacent lot owner, for the purpose of defraying the expense of such improvements and repairs, in proportion to the value of the lot as assessed for taxation under the general law of the state.

The power to pave, at the expense of the adjacent

owner, seems to have been exercised without regard to the limitation imposed; for the ordinance makes no reference to any assessment or valuation of the property.

It was held in *Peay v. Little Rock, 32 Ark., 31,* that municipal assessments for the improvement of streets in a city, must be *ad valorem* and not according to frontage.

The ordinance also violates the constitutional principle of uniformity in the imposition of the burden; vacant lots similarly situated being exempt.

Judgment affirmed.

