## HUTCHINSON *v.* OZARK LAND COMPANY.

### Opinion delivered April 22, 1893.

*Taxation—Uniformity.*

> The expense of maintaining two judicial districts in a county is a county expense, and a county tax to pay it must be levied at a uniform rate upon all the taxable property of the county, and a tax of five mills on the dollar for general county purposes levied on the property of one district, where only three mills are levied for like purposes on the property of the other district, is void, under Const. 1874, art. 16, sec. 5, for want of uniformity.

Appeal from Clay Circuit Court in Chancery, Eastern District.

JAMES E. RIDDICK, Judge.

The Ozark Land Company, a corporation, sued J. W. Hutchinson and others to remove, as a cloud upon its title to certain land situated in the eastern district of Clay county, certain conveyances to defendants depending upon a sale of the land for the taxes of the year 1886. The court adjudged that the tax sale was void by reason of an unequal leyy of taxes for county purposes. The defendants have appealed. The facts are sufficiently stated in the opinion of the court.

*E. F. Brown* for appellants.

It is conceded that taxation should be equal and uniform. But perfect equality and uniformity is unattainable. Sec. 5. art. 26, Const. applies only to State revenue, and is not applicable to taxation for local or county purposes. 13 Ark. 752 ; 21 *id.* 40 ; 27 *id.* 630 ; 42 *id.* 160 ; 44 *id.* 137 ; 46 *id.* 479. The language of sec. 28 of constitution gives county courts exclusive jurisdiction in reference to county taxes. There is no constitutional limitation upon the county court in regard to the disbursement of taxes for county purposes, so long as it keeps within constitutional limits. In the absence of constitutional restrictions the power of taxation and the mode of exercising it belong to the legislature. Section 18 of the act creating two districts in Clay county provides for two separate financial systems, and section 19 provides for keeping the revenue of the two districts separate. The rate is uniform in each district, which meets the requirement as to uniformity. The two districts are simply separate taxing or revenue districts. Cooley, Taxation, 225 ; 43 Cal. 398 ; 27 Ind. 223 ; 20 Md. 449 ; 12 Allen, 500 ; 1 Oh. St. 126 ; 4 N. Y. 419 ; 58 Pa. St. 320 ; 10 Ill. 405.

*John B. Jones* for appellee.

No county shall be reduced to, or new county created with, less than 600 square miles. In so far as

the act of February 23, 1881, attempts to divide the county into two counties, the act is unconstitutional and void. There is no direction in the act, nor could there be a valid one, that there should be separate levies of taxes. Expenses of holding courts, etc., are burdens to be borne equally by the whole county. Taxes must be uniform through the county. 32 Ark. 38, 39, 40, etc.; Desty, Taxation, 119; Blackwell on Tax Titles, 35; Cooley on Taxation, 2; 25 Ark. 289; 47 Cal. 91; 3 Oh. St. 1; Cooley, Tax. bot. p. 144.

MANSFIELD, J. By an act of the general assembly, approved February 23, 1881, two judicial districts were formed out of the territory embraced within the boundaries of Clay county, and provision was made for holding in each of them separate terms of the circuit and probate courts. One of these districts is called the " eastern district," and includes the county seat. The other is called the "western district," and embraces about one-third of the territory of the county. The 18th section of the act is as follows : " The clerk  *  *  *  * shall keep two financial records, in one of which he shall keep a true and perfect record of the financial affairs of the eastern district; and in the other he shall keep a similar record for the western district. The financial affairs of each district shall be kept as separate and distinct as though the two districts were separate and distinct counties." Section 19 provides : " That all revenue accruing to the county of Clay from the sale of forfeited State and county lands, liquor and ferry license, and from all other sources whatsoever, shall be used for the exclusive benefit of the district in which such revenue may arise." And section 20 requires the collector, in making deposits of county funds with the treasurer, to take his receipts specifying the district to which the funds deposited belong.

The county court in the year 1886 levied a tax of 5 mills on the dollar for general county purposes on all the property in the eastern district and a tax of only 3 mills on the dollar for like purposes on all the property in the western district.  A tract of land belonging to the appellee and situated in the eastern district was sold for the non-payment of the tax of 5 mills thus imposed upon it, and this suit was brought to avoid the sale on the ground that the tax was illegal.  The court below granted the relief sought by the complaint; and the only question to be decided on the defendant's appeal is whether the tax levied for the eastern district was valid.

The objection to the tax is that it violates the rule of uniformity prescribed by the constitution and to which all taxation in this State must conform.   Const. art. 16, sec. 5; *Monticello* v. *Banks*, 48 Ark. 251; *Davis* v. *Gaines*, 48 Ark. 370; *Fletcher* v. *Oliver*, 25 Ark. 289. This is met by the argument that the legislature has made the two districts of Clay county taxing districts, and that, as the tax levied on the property of the eastern district is at a uniform rate throughout that district, a less rate may, consistently with the constitution, be imposed upon the property of the western district.   But it was not within the power of the legislature to create a district for the levy of the tax in question that did not embrace the whole county.   The tax was for a county purpose, and its burden could not be imposed upon a part only of the county's territory.   *People* v. *Salem*, 20 Mich. 474; *Dyar* v. *Farmington Village Corporation*, 70 Me. 515; Cooley on Taxation, 141, 152.

"The district," says Judge Cooley, "for the apportionment of a State tax is the State, for a county tax, the county, and so on."   Such was the rule always observed in this State prior to the adoption of the present constitution, and when that instrument gave to the county

court "exclusive original jurisdiction in all matters relating to county taxes," and fixed the maximum rate of those taxes, there is no reason for beleiving that it contemplated any tax not to be levied throughout the county. Taxing districts of less extent and embraced within the territory of a county are authorized by the constitution, but only for local improvement, school and municipal purposes. Const. art. 14, sec. 3; art. 19, sec. 27. In citing *People* v. *Railroad*, 43 Cal. 398, in support of a contrary view, counsel have probably overlooked the fact that the ruling in that case that a revenue district may "be less in extent than a county of which it is a part" was based on a constitutional provision not found in our constitution with any application to county taxes.

If the taxes levied in the two judicial districts of Clay county were not county taxes within the meaning of the constitution, then the county court had no power to levy them, and they were for that reason illegal. But if they were levied for county purposes, that made them county taxes, and the nature of such taxes required them to be imposed by a levy applicable to the entire county. Cooley, Taxation, 141, 152; *Pulaski County* v. *Reeve*, 42 Ark. 56. The expense of maintaining two judicial districts in a county is necessarily a county expense, and the revenue to pay it can be raised only by a county tax. Such a tax, to be valid, must be levied at a uniform rate upon all the taxable property of the county. Art. 16, sec. 5, const.; Desty on Taxation, 175, 177; *Fletcher* v. *Oliver*, 25 Ark. 295; *Loftin* v. *Bank*, 85 Ind. 345, 346; Cooley on Taxation, 244. In *Monticello* v. *Banks*, 48 Ark. 251, it was held that the occupied lots upon a street could not be assessed for paving the street in front of them without assessing for the same purpose vacant lots similarly situated. The exemption of the vacant lots, it was said, violated "the constitutional principle of uni-

formity in the imposition of the burden." For the same reason it was held in *Davis* v. *Gaines*, 48 Ark. 370, that a tax for a local improvement levied upon part of the lands to be benefitted, to the exclusion of others of the same class, was void. But in principle there is no difference between a levy that exempts part of the territory of a county and one which imposes upon such part a tax at a lower rate than the rest of the county is required to pay; for the effect is an exemption in favor of the section on which the lower rate is levied as to so much of the difference between the two taxes as it ought to pay in order to equalize them. And in the present case the eastern district of Clay county was not compensated for bearing the greater burden by any legal exemption of its property from taxation because of the county's liability for the expenses of the western district. (*Dyar* v. *Farmington Village Corporation*, 70 Me. 515). All the affairs of the two districts are concerns of the county, and the expenses incurred in both, whether in the holding of courts or otherwise, constitute demands against the county; and a creditor of the county is not bound to look for payment alone to the district in which his claim arises.* His claim being a debt of the county, a warrant issued upon its allowance is a county warrant, and as such the constitution makes it receivable for county taxes. Const. art. 16, sec. 10. It is difficult therefore to see what effect can be given to the financial provisions of the act quoted above. But in determining this cause it is sufficient to say that these provisions cannot be treated as having created separate taxing districts without holding that they impair the unity and power which the constitution secures to Clay county as a political sub-division

---

*By a provision of the Constitution, "Sebastian county may have two districts and two county seats at which county, probate and circuit courts shall be held, each district paying its own expenses. Art. 13, sec. 5.

of the State. *Pulaski County* v. *Reeve*, 42 Ark. 56; *Bittle* v. *Stuart*, 34 Ark. 230; *Jones*, ex parte, 49 Ark. 113; *Patterson* v. *Temple*, 27 Ark. 202; *Worthen* v. *Roots*, 34 Ark. 356; Const. art. 13, sec. 1.

The tax in question was a county tax and void because of its inequality.

Affirmed.