WOOLARD *v.* THOMAS, COUNTY JUDGE.

5-3292                                                    381 S. W. 2d 453

Opinion delivered May 18, 1964.

[Rehearing denied October 5, 1964.]

*E. L. Holloway,* for appellant.

*Dennis L. Berry,* for appellee.

FRANK HOLT, Associate Justice. The appellant, as a taxpayer, filed a petition in the Circuit Court seeking a declaratory judgment as to the constitutionality of Act 239 of 1953 [Ark. Stat. Ann. § 17-920—21 (Repl. 1956)]. This petition was consolidated with an appeal from the action of the Clay County Court, Western District, denying appellant's petition, as a taxpayer, in that court. Appellant's petition in the County Court, based upon Act 239 of 1953, stated an emergency existed because of the destruction of the Western District Courthouse by fire and because of the state of disrepair of the Western District Jail. The appellant petitioned the County Court to call an election pursuant to Act 239 of 1953 to determine whether the electorate of the Western District of Clay County would approve the construction of a courthouse and jail for that district and to levy a property tax only in the Western District of Clay County to pay for the proposed construction of the courthouse and jail as provided in Act 239. Also, the appellant alleged that approximately $17,000.00 had been paid to Clay County as insurance proceeds for property loss resulting from the destruction of the Western District County Courthouse and such proceeds should be credited in a special account and used only for the construction of a new courthouse

in the Western District and should not be commingled with the Clay County General Funds.

The Circuit Court affirmed the action of the Clay County Court in denying appellant's petition and held Act 239 of the Acts of 1953 unconstitutional insofar as the act authorizes a tax levy exclusively on property within one of two judicial districts within a single county to finance the construction or reconstruction of a court-house or jail within the judicial district; and that the insurance funds in question were properly paid into the Clay County General Fund for appropriation and ex-penditure by the county. For reversal appellant first contends that the court erred in holding Act 239 of 1953 unconstitutional.

By Act 14 of 1881 Clay County is divided into two separate judicial districts, the Eastern and Western. This act also provides that all revenues from all sources shall be used for the exclusive benefit of the district in which the revenues arise. Act 239 of 1953 provides, *inter alia,* that where a county is divided into two judicial dis-tricts the qualified electors in each district have the power and the right, upon a finding of need by the County Court, to hold an election limited to that district for the purpose of approving the construction, reconstruction, or extension of a county courthouse and jail and the levy-ing of an ad valorem tax solely upon the property in that judicial district to finance such construction.

We agree with the trial court in holding the act in question unconstitutional. The levy of a tax for a county purpose must be uniform on all the property of the coun-ty. Article 16, § 5, Arkansas Constitution of 1874. As to the construction or reconstruction of a county court-house or jail, Amendment 17 of our Constitution vests the power and right of approval in the qualified electors *of each county.*

The case of *Hutchinson* v. *Ozark Land Co.,* 57 Ark. 554, 22 S. W. 173, arose from Clay County, also, and pre-sented the question of the right of the County Court, in levying a tax, to fix a different millage for the Western

and Eastern Districts of the county. In construing Act 14 of 1881, which created the two separate judicial districts, we held that it was unconstitutional and in conflict with Article 16, § 5 of our Constitution insofar as it attempted to create two separate taxing districts in Clay County. There we said:

"* * * But it was not within the power of the legislature to create a district for the levy of the tax in question that did not embrace the whole county. The tax was for a county purpose, and its burden could not be imposed upon a part only of the county's territory. * * *

If the taxes levied in the two judicial districts of Clay county were not county taxes within the meaning of the constitution, then the county court had no power to levy them, and they were for that reason illegal. But if they were levied for county purposes, that made them county taxes, and the nature of such taxes required them to be imposed by a levy applicable to the entire county. Cooley, Taxation, 141, 152; *Pulaski County* v. *Reeve*, 42 Ark. 56. The expense of maintaining two judicial districts in a county is necessarily a county expense, and the revenue to pay it can be raised only by a county tax. Such a tax, to be valid, must be levied at a uniform rate upon all the taxable property of the county. Article 16, § 5, const.; * * * in determining this cause it is sufficient to say that these provisions cannot be treated as having created separate taxing districts without holding that they impair the unity and power which the constitution secures to Clay county as a political sub-division of the State."

Thus, we have clearly held that the levying of a county tax for county purposes must be uniform upon all property within a county and, therefore, a tax levy for a county purpose limited to a judicial district of that county is unconstitutional.

The levying of a tax for the construction of a courthouse is a tax levy for county purposes. In *Williams*,

*et al*, v. *Arkansas County Courthouse Improvement District, et al*, 153 Ark. 469, 240 S. W. 725, we said:

"If the expense of holding the courts and otherwise maintaining two judicial districts in a county is a county expense, it would seem that it necessarily follows that the *erection of a courthouse for the use of such district would also be a county expense.*" [Emphasis added.] It must be said that the construction or reconstruction of a district courthouse or jail is a matter of county-wide interest and responsibility and any tax levied for such a purpose is a tax levy for a county purpose.

The appellant next contends that the court erred in holding that the insurance proceeds paid to the county due to the burning of the Western District Courthouse should be placed in a special account and not credited to the County General Fund. In *Hutchinson* v. *Ozark Land Company, supra,* we said:

"All the affairs of the two districts are concerns of the county, and the expenses incurred in both, whether in the holding of courts or otherwise, constitute demands against the county; and a creditor of the county is not bound to look for payment alone to the district in which his claim arises. His claim being a debt of the county, a warrant issued upon its allowance is a county warrant, and as such the constitution makes it receivable for county taxes. const. art. 16, § 10. It is difficult therefore to see what effect can be given to the financial provisions of the act quoted above."

We agree with the trial court that the insurance proceeds in question were lawfully and properly paid into the County General Fund for appropriation and expenditure as county funds.

The judgment is affirmed.