Josephine Linker Hart, Justice, dissenting. Ini respectfully dissent from the majority’s conclusion that Act 81 of 1901, which establishes two separate judicial districts in Mississippi County, precludes Mississippi County from financing a new Mississippi County courthouse to be located in Blythe-ville, Arkansas. Section 20 of Act 81 provides, That all revenue accruing to the county from the sale of forfeited state and county lands, liquor and ferry license, and from all other sources whatever, shall be used for the exclusive benefit of the district in which such revenue shall arise. Section 20, 1901 Ark. Acts at 144. The majority concludes that the “plain language” of section 20 requires that the sales-and-use tax collected by Mississippi County be used only in the judicial district in which it was collected. As this court noted in Hutchinson v. Ozark Land Co., 57 Ark. 554, 22 S.W. 173, 174 (1893), in 1881 the General Assembly approved the creation of two judicial districts in Clay County. That act also contained the same language that is found in section 20 of Act 81. In Hutchinson, this court stated, “The expense of maintaining two judicial districts in a county is necessarily a county expense, and the revenue to pay it can be raised only by a county tax.” Hutchinson, 57 Ark. at 558, 22 S.W. at 174; see Williams v. Ark. Cty. Courthouse Improvement Dist., 153 Ark. 469, 473, 240 S.W. 725, 726 (1922) (“This court has held that a county may be divided into judicial districts, but that the expense of maintaining two judicial districts in a county is necessarily a county expense, and that the revenue to pay it can be raised only by a county tax”). We further stated, “All the affairs of the two districts are concerns of the county, and the expenses incurred in both, whether in the holding of courts or otherwise, constitute demands against the county; and a creditor of the county is not bound to look for payment alone to the district in which his claim arises.” Hutchinson, 57 Ark. at 559, 22 S.W. at 174-75. After noting that the county is a taxing authority, we observed, “[I]t is sufficient to say that these provisions cannot be treated as having created separate taxing districts without holding that they impair the unity and power which the constitution secures to Clay county as a political subdivision of the state.” Id., 22 S.W. at 175. We returned to litigation in Clay County in Woolard v. Thomas, 238 Ark. 162, 381 S.W.2d 453 (1964). There, we stated, The levying of a tax for the construction of a courthouse is a tax levy for county purposes. In Williams, et al., v. Arkansas County Courthouse Improvement District, et al., 153 Ark. 469, 240 S.W. 725, we said: “If the expense of holding the courts and otherwise maintaining two judicial districts in a county is a county expense, it would seem that it necessarily follows that the erection of a courthouse for the use of such district would also be a county expense.” [Emphasis added] It must be said that the construction or reconstruction of a district courthouse or jail is a matter of county-wide interest and responsibility and any tax levied for such a purpose is a tax levy for a county purpose. Woolard, 238 Ark. at 165-66, 381 S.W.2d at 455 (emphasis in original). Thus, it is clear that, as a taxing entity, Mississippi County can levy a tax for the building of a courthouse in either judicial district because it is a county purpose. Again, I note that the Clay County act establishing two judicial districts contained the same language as section 20. In precluding Mississippi County from collecting the tax, the majority usurps its authority to impose a eountywide tax to further a countywide purpose and instead accords that authority to a nontaxing authority, a judicial district. Moreover, the majority misconstrues section 20. A common rule of statutory construction that this court has applied many times is that of ejusdem generis, which provides that when general words follow specific words in a statutory enumeration, the general words K<¡are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words. See, e.g., Arms v. State, 2015 Ark. 364, at 8, 471 S.W.3d 637, 642. Here, section 20 first lists specific words, “revenue accruing to the county from the sale of forfeited state and county lands, liquor and ferry license,” in other words, fees that might be collected by the county clerk at a courthouse in a judicial district. In applying the rule of ejusdem generis, it is fair to argue that the general words that follow the specific words, “from all other sources whatever,” might also include fees collected at each courthouse for marriage licenses, filing civil cases, and recording instruments of record. Yet, the majority concludes that a county sales- and-use tax also falls within these general words. I submit that this inclusion stretches far beyond what any reasonable construction of those words might entail. See Agape Church, Inc. v. Pulaski Cty., 307 Ark. 420, 425, 821 S.W.2d 21, 23 (1991) (“A reasonable interpretation of the class of exempt property is one that embraces buildings related to church purposes and land where they are located The class defined by the specific references, therefore, is composed of church buildings, church-related buildings, and the land on which such buildings are located. As we cannot conclude that a television tower is a building, it does not come within the class.”). This case serves as a blow to the Mississippi County Quorum Court and to the residents of that county in their efforts to govern themselves. I respectfully dissent.